Mark A. Romeo, Bar No. 173007
mromeo@littler.com
Walter C. Pfeffer, Bar No. 289421
wpfeffer@littler.com
Grace L. Waddell, Bar No. 327186
gwaddell@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Fax No.: 949.724.1201

Attorneys for Plaintiff
ALERT ENTERPRISE, INC.

UNITED STATS DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Alert Enterprise, Inc., a Delaware corporation,

Plaintiff,

v.

Imran Rana, an individual,

Defendant.

Case No. 3:22-cv-6646-JSC

STIPULATION AND [~~PROPOSED~~] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND FORENSIC INSPECTION PROTOCOL

ASSIGNED FOR ALL PURPOSES TO HON. JACQUELINE S. CORLEY

Plaintiff Alert Enterprise, Inc. ("Alert" or "Plaintiff") and defendant Imran Rana ("Rana" or "Defendant") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, Alert and Defendant agree that this case is likely to involve the production of electronically stored information ("ESI"); and

WHEREAS, the Parties also agree that a forensic inspection protocol is necessary to aid in the search for any Alert information found on devices and cloud-based storage accounts in Defendant's possession, custody or control.

///

///

**IT IS SO STIPULATED**, through Counsel of Record, that the Parties respectfully request the Court enter the below Stipulated Proposed Order.

Dated: ~~October~~ November 9, 2022

LITTLER MENDELSON P.C.

Mark A. Romeo
Walter C. Pfeffer
Grace L. Waddell

Attorneys for PLAINTIFF ALERT ENTERPRISE INC.

Dated: ~~October~~ November 9, 2022

HUSCH BLACKWELL

Tyler Paetkau
Olga Savage

Attorneys for DEFENDANT IMRAN RANA

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949 705 3000

ORDER PURSUANT TO STIPULATION

The Court is informed that plaintiff Alert Enterprise, Inc. ("Alert" or "Plaintiff") and defendant Imran Rana ("Rana" or "Defendant") (collectively, the "Parties") have met and conferred on a proposed form of order concerning electronically stored information ("ESI") and a forensic inspection protocol. The Court has reviewed the protocol and **ORDERS** as follows:

## DISCOVERY OF ESI

### A. PURPOSE

This Order will govern discovery of ESI in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules. To the extent this action is compelled to arbitration, the arbitrator shall have the authority to modify any part of it without order of the Court.

### B. LIAISON

The Parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The Parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### C. PRESERVATION

The Parties have discussed their preservation obligations and needs and agree that Defendant shall not delete and shall preserve intact, without any change or modification, all ESI and communications in his possession, custody, or control relating

to Alert. The Parties shall not delete and shall preserve intact, without any change or modification, all ESI and communications in their possession, custody, or control relating to the factual allegations in Plaintiff's Complaint. This includes, but is not limited to, all devices and/or accounts (*e.g.*, USB storage devices, external hard drives, computers, smart phones, personal data assistants (PDAs), or their equivalent, cloud-based storage accounts (e.g, Google Drive, OneDrive) and email).

**D. SEARCH**

The forensic inspection of devices will proceed as provided in the Forensic Protocol below.

**E. PRODUCTION FORMATS**

The Parties have agreed to cooperate to arrange for the mutually acceptable production of ESI and shall enter into an agreement setting forth a protocol regarding the same. The Parties have agreed not to degrade the searchability of ESI as part of the document production process.

**F. DOCUMENTS PROTECTED FROM DISCOVERY**

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) Communications involving trial counsel that post-date the formal retention of counsel or counsel's law firm need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

**FORENSIC PROTOCOL**

With respect to the forensic examination of any USB storage devices, external hard drives, computers, smart phones, personal data assistants, (collectively "Devices") and/or cloud based storage accounts or email (collectively "Accounts") belonging to

Defendant on which Alert information was stored, accessed, deleted or transferred to determine what, if any, confidential and proprietary information belonging to Alert ("Alert Information") is or was on the Devices and Accounts, and based on the terms stipulated by the Parties the Court **ORDERS** as follows:

1. Third Party Neutral. The Parties have agreed to use the services of a "Third Party Neutral", to oversee this process in accordance with the terms of this protocol (the "Protocol"). The Parties will agree to a forensic neutral by noon on November 11, 2022. If the parties do not agree to a forensic neutral by that time, each will submit three proposed forensic neutrals to the Court and the Court will select the forensic neutral.

2. Privacy Designations. The Parties agree to submit a stipulated protective order to apply to information and/or documents produced pursuant to this Protocol.

3. Delivery of Devices. Counsel for Defendants will turn over, **by November 14, 2022,** to the Third Party Neutral all such Devices and access to Accounts; provided, however, that if the forensic neutral is not retained by that time, counsel for Defendant will retain those Devices and Account accesses until such time as the forensic neutral is prepared to receive them. For such Accounts, Defendant will provide to the Third Party Neutral any and all log-in information (*e.g.*, usernames and passwords) so that the Third Party Neutral can log into and search said cloud-based storage accounts in accordance with this Protocol. The Third Party Neutral will provide counsel for the Parties with a list of Devices it has received and Accounts to which it has been given access.

4. Forensic Imaging & Chain of Custody.

a) The Third Party Neutral shall image the Devices, and collect data from the Accounts for January 1, 2017 through the present (the "Applicable Time Period") in a forensically sound manner using industry-standard hardware and software. For the Devices, the Third Party Neutral shall make two copies of the forensic images of each Device. For the Accounts, information collected from these Accounts shall be stored in a forensically-sound manner to ensure the integrity of the information and data. The

Defendant may continue to access these Accounts but shall not delete anything from these accounts or change account settings until the Third Party Neutral informs them that they may do so. The Third Party Neutral will inform Defendant that he may delete information from or modify the settings of the Accounts as soon as the Third Party Neutral believes that such actions will not interfere with the investigation of those accounts.

b) The Third Party Neutral shall retain custody over the Devices until the Parties agree in writing and/or the Court and/or an arbitrator orders that such custody is no longer required, provided that any Devices which do not contain any Alert Information and/or were not used to access, delete, store or transfer Alert Information shall be returned to counsel for the Defendant to whom such device belongs within five (5) business days.

5. Forensic Analysis of the Devices and Accounts. The Third Party Neutral will analyze and report on the Devices and/or accounts to the Parties as follows:

a) Usage Activity. If Alert Information is identified on or in any of the Devices and/or Accounts ordered by the Court to be examined, the Third Party Neutral will endeavor to determine when the Devices and/or accounts were used to download, copy, and/or transfer Alert Information , what Alert Information was subject to this activity, how the subject activity occurred, and where and to whom the Alert Information was copied, transferred, stored, and/or communicated during the Applicable Time Period (collectively, the "Usage Activity").

b) Deletion Activity. The Third Party Neutral will endeavor to determine whether any Alert Information was deleted from the Devices and/or Accounts during the Applicable Time Period, and if so, what information, and how and when the information was deleted. In addition, the Third Party Neutral shall analyze whether the Alert Information was deleted through manual means or through any programs capable of deleting information, and, if so, when and by whom, to the extent these things are identifiable. The actions referenced in this paragraph are defined as the "Deletion

Activity."

c) To identify what Alert Information, if any, was subject to the Usage Activity and/or the Deletion Activity, the Third Party Neutral will first search the collected data from the submitted Accounts: (i) searching only the data generated during the Applicable Time Period; and (ii) using search terms provided by Alert, as well as any other search terms the Third Party Neutral deems appropriate and discloses to counsel for the Parties. Once the Third Party Neutral has examined the Accounts and identified what it believes to be files containing Alert Information, if any, the Third Party Neutral will provide a report identifying all such files ("Initial Report") to the counsel for the Parties. Counsel will review the report and confer in good faith about whether such files are Alert files and return to the Third Party Neutral a joint list of what files, if any, belong to Alert. The Third Party Neutral will then examine the images collected from the Devices to determine whether there was any Usage Activity or Deletion Activity, as set forth above, on the Devices related to such files.

d) The Third Party Neutral will also use all other means or methods he/she/it believes prudent to determine what Alert Information was subject to the Usage Activity and/or Deletion Activity during the Applicable Time Period, including, but not limited to, analysis of user activity, analysis of device connections, analysis of use of third party file storage software or platforms (such as Dropbox or Google Drive), and analysis of the use of anti-forensic software or tools.

e) Contents of the Forensic Report. The Third Party Neutral shall prepare a forensic report, answering each of the questions outlined above regarding Usage Activity and/or Deletion Activity (the "Forensic Reports"), as well as outlining all analyses performed by the Third Party Neutral. To the extent possible, the Third Party Neutral shall include in the Forensic Reports the identity and specific content of the data, documents or information responsive to the questions regarding Usage Activity and Deletion Activity. The Forensic Reports will be marked appropriately as per the stipulated protective order referenced above.

f) Production of the Forensic Report. The Third Party Neutral will promptly provide the Forensic Reports to counsel for the Parties at the same time. Any supplemental reports will likewise be promptly shared with counsel for the Parties at the same time.

g) Production of Files. Any files identified by the Third Party Neutral as potentially containing Alert Information (because they were transferred from or previously stored on Alert's systems or accounts during the applicable Time Period, contain one of the search terms provided by Alert or otherwise agreed to by the Parties, appear on their face to contain Alert Information, or because other information indicates the files may contain Alert Information, as determined by the Third Party Neutral) will be produced in the following manner:

i. First, the Third Party Neutral will send a listing of the files to Defendants' counsel for review. Defendants' counsel will review for privilege and for any purely personal information (*i.e.,* information that is not relevant to any of the claims or defenses in this matter and which contains highly personal information belonging to the Defendant or a third-party). Such information may include:

- Personal tax returns;
- Personal financial statements;
- Personal bank statements;
- Personal medical files and correspondence;
- Photos and video files which are purely personal (and do not have an Alert-related purpose);
- Personal contact and calendar entries (including phone numbers, email addresses, and address information); provided, however, the Parties understand and agree that a calendar could contain both Alert Information and information which is purely personal or private information, and it is not the intention to deprive Alert of obtaining

any calendar entries that might contain or pertain to Alert Information;

- Personal confidential information belonging to third parties; and
- Information subject to the attorney-client privilege, attorney work production protection, or any other applicable privilege under California or federal law.

ii. Counsel for Defendants shall prepare a withhold log identifying what information in the file list contains privileged or purely personal information. For the avoidance of doubt, the withhold log shall be produced in Excel form and shall include,

- for every file withheld, either a metadata log of: (i) the file name, (ii) file extension, (iii) file type, (iv) description, (v) last access date, (vi) file create date, (vii) file modify date, and (viii) file path, or,
- in the case of email, (i) the author of the document, (ii) the recipient(s) of the document, (iii) the date of the document, and/or the date the document was transmitted, (iv) the type and nature of the document.

iii. Counsel for Defendant will provide the withhold log to the Third Party Neutral and to counsel for all Parties. Counsel for Defendant shall have ten (10) business days from their receipt of the reports to prepare and provide the logs to counsel for Alert, unless extended by a written agreement between the Parties and/or order from the Court and/or an Arbitrator based on good cause shown.

iv. All documents identified by the Third Party Neutral pursuant to Section 5(g) and not listed in the withhold log will be immediately produced to the Parties upon the expiration of the time for preparing the withhold log.

v. If there is any dispute as to whether a document in the withhold log is properly withheld, the Parties will meet and confer. If the dispute is not

resolved through the meet and confer process, counsel for Alert may file written objections with the Court or, if the Parties agree, with an arbitrator or other third party neutral. The Parties agree that, as part of this dispute resolution process, the Third Party Neutral will be required to present the documents over which there is a dispute to the Court (or third party neutral) for *in camera* review to determine if the document(s) contain purely personal or private information.

6. Remediation of Files. At the conclusion of the inspection of the Devices, the Third Party Neutral shall facilitate the return to Alert of any Alert Information as set forth above. The Third Party Neutral shall facilitate the return of this information from the Devices while preserving a forensic copy of the evidence. As part of this process, the Third Party Neutral shall delete any Alert Information from the Devices and return those Devices to the Defendant. The Third Party Neutral shall retain the forensic images until the Parties advise the Third Party Neutral that all disputes between them have been finally resolved, at which point all forensic images will be destroyed. If any Alert Information has been found in the collected Accounts, the Third Party Neutral will work with counsel for the Defendant to arrange access to the respective accounts so that the Third Party Neutral can delete the Alert Information.

7. Responsibility for Fees. The Parties shall split the cost of the Third Party Neutral's time and any costs incurred by the Third Party Neutral.

**IT IS SO ORDERD.**

Dated: November 9, 2022

HON. JACQUELINE S. CORLEY
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949 705 3000